**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHELLE SEIJAS f/k/a
MICHELLE CRAM, on behalf of
herself and others similarly situated,

      Plaintiff,

v.                                       CASE NO.:

MMODAL SERVICES, LTD., INC.,
a Foreign Profit Corporation, and

      Defendant.
_____/

**WAG E THEFT COLLECTIVE/CLASS ACTION
COMPLAINT AND JURY DEMAND**

Plaintiff, MICHELLE SEIJAS f/k/a MICHELLE CRAM ("Plaintiff"), on behalf herself and others similarly situated, hereby sues the Defendant, MMODAL SERVICES, LTD., INC. ("Defendant") for Wage Theft and alleges as follows:

**NATURE OF THIS ACTION**

1. Plaintiff alleges, on behalf of herself and other similarly situated current and former employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendant, as required by law, (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; and (iv) entitled to declaratory relief pursuant to 28 U.S.C. §2201.

2. Plaintiff further alleges, on behalf of herself and a class of other similarly situated current and former employees of the Defendant, that they are: (i) entitled to unpaid wages from Defendant for all time worked for which they were not paid as a result of Wage Theft, e.g., Defendant's unlawful policy or practice of not paying medical transcriptionists for all hours worked; and (ii) attorneys' fees and costs pursuant to Fla. Stat. § 448.08.

3. Plaintiff further alleges, on behalf of herself and a class of other similarly situated current and former employees of the Defendant, that they are: (i) entitled to unpaid minimum wages from Defendant pursuant to Florida's State Minimum Wage law, Fla. Const. Art. X, Sec 24 and Fla. Stat. § 448.110 ("FMW").

## JURISDICTION, VENUE AND PARTIES

4. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction. This Court has supplemental jurisdiction over Plaintiffs' claims brought under Florida's State Minimum Wage law, Fla. Const. Art. X, Sec 24 and Fla. Stat. § 448.110 ("FMW").

5. Venue is proper within the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim arose in Citrus County, Florida.

6. At all times material, Plaintiff is and was a resident of the State of Florida.

7. At all times material, Defendant MMODAL SERVICES, LTD., INC. was/is a Foreign Profit Corporation authorized to conduct business in the State of Florida, with its headquarters located at One MMODAL Dr., Woonsocket, RI 02895.

8. At all times material, Plaintiff was employed by Defendant MMODAL SERVICES, LTD., INC. in Citrus County, Florida.

## CLASS ALLEGATIONS

9. **The Class**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(1)(B) and 23(b)(3) on behalf of herself and a Class of similarly situated individuals defined as: All employees of the Defendant in Florida who were subject to Defendant's unlawful Wage Theft policy or practice of not paying medical transcriptionists for all hours worked within the four years prior to the filing of the instant Complaint.

10. **Numerosity**: The exact number of members of the Class is unknown to Plaintiff at this time, but on information and belief, there are at least 500 employees throughout the company who were adversely affected by the Wage Theft, making joinder of each individual member impracticable.

11. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of the Defendant's uniform wrongful conduct.

12. **Commonality**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members.

## GENERAL ALLEGATIONS

13. Defendant is a medical transcription company and is an employer as defined by FLSA.

14. At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant.

15 Plaintiff and others similarly situated were employees of Defendant under the FLSA, employed as medical transcriptionists (or possibly other similar job titles).

16. Plaintiff's duties and the duties of those similarly situated include using computer software and voice-recognition technology to transcribe, type, and edit medical records. Plaintiffs are required to ensure that the transcribed and edited lines of the medical records reflect rates of accuracy in excess of approximately 99.6 percent per medical report.

17. Plaintiff and those similarly situated are paid per line edited or transcribed, which is referred to as "hands on keyboard time." Plaintiff and those similarly situated are not paid for any of their time worked other than "hands on keyboard time."

18. To ensure the accurate editing or transcribing of medical reports, Plaintiff and those similarly situated perform various duties for which they are not compensated, but which are essential to the accurate editing and transcription of

lines within medical records. Defendant is aware or should be aware of the performance of these essential duties for which Plaintiff and those similarly situated are not compensated.

19. Plaintiff and those similarly situated are required to log in to their computer and check for work. If there is not work available, they must log off. They are required to continuously do this throughout the day until work becomes available. Plaintiff and those similarly situated are not paid for this working time.

20. Ultimately, Plaintiff and those similarly situated spend days sitting in front of the computer while not getting paid while they log in and out looking for jobs, particularly after Defendant began outsourcing most of their jobs to India. Many times Plaintiff and those similarly situated are forced to work on weekends and wait for work, unpaid, until a job or two comes through. Moreover, the hours worked in front of their computers was not included in determining overtime compensation.

21. During the relevant time period, Plaintiff experienced computer issues for approximately four months on the computer provided by the Defendant. Defendant's I.T. Department was aware of the issues but did not correct the issues. The computer issues reduced Plaintiff's productivity thereby pushing her compensation even lower, further below minimum wage.

22. Defendant closely monitors the productivity of Plaintiff and those similarly situated. Plaintiff and those similarly situated are penalized for sending in blanks to QA, and their pay is deducted for "too many" blanks.

23. Duties essential to the accurate transcription and editing of medical records for which Plaintiff and those similarly situated are not compensated include, but are not limited to: logging in and out of the computer; waiting time; retrieving the patient's medical record number and name to verify the correct individual's record is being consulted; ascertaining the patient's name, birth date, and date of visit to the physician and hospital are correct; ensuring the dictator's name is entered correctly; making sure all preliminary background information is entered correctly and, if the dictator does not provide the date of the report, attaching the document stating this to the Quality Assurance department; ensuring the attending physician's name is entered and marked to receive a copy of the patient report; communicating with Defendant officials while editing or transcribing medical reports; ensuring the accuracy of physician and patient personal information; ensuring the proper medical term is inserted into the medical record; checking and responding to email correspondence for obtaining additional information or corrections for editing or transcribing medical reports; and communicating with technical support regarding any problems or defects with the transcription/editing and voice-recognition software. All such duties were performed for the primary benefit of Defendant.

24. Frequently, audio quality is poor, communication with IT and other representatives from India is difficult, and medical transcriptionists have to wait on hold extended periods of time further increasing the times for which Plaintiff and those similarly situated were not paid.

25. Performance of uncompensated duties which are essential to the

accurate transcription and editing of lines within medical records led Plaintiff and those similarly situated to work hours for which they were paid, resulting in compensation at rates less than the federal and Florida minimum wage and/or compensation at a rate less than time-and-a-half for time worked in excess of forty (40) hours per work week for Plaintiff and those similarly situated.

26. Defendant's company policy of compensating per line edited or transcribed results in the medical transcriptionists having to be on call and log in and out of Defendant's transcription/editing software for extended periods of time, frequently until well after their assigned shift ends, to meet the minimum requirement for lines edited or transcribed during a given shift. During this time, the medical transcriptionists are unable to use this time for their own benefit.

27. Defendant's common policy to compensate Plaintiff and those similarly situated per line edited or transcribed forms a basis for establishing Defendant's willful violation of the FLSA's and the FMW's requirements to compensate employees at least minimum wage and at a rate equal to one-and-one-half times employees' regular rate of pay for hours worked in excess of forty (40) per work week. Likewise, Defendant's failure to maintain accurate records of the time worked by its employees, as required by the FLSA, is further evidence of Defendant's willful violation of the law.

28. Based upon DOL opinions and decisions and Defendant's clear knowledge of the violations at issue, the failure to pay Plaintiffs and those similarly situated minimum wage and overtime pay is a willful violation of the FLSA and FMW.

29. Defendant failed to comply with Florida law because Plaintiff, and other similarly situated employees, were regularly required to work, but then were not paid for their time worked, thereby engaging in Wage Theft.

30. Defendant's upper management knowingly encourages and facilitates the policy or practice of Wage Theft against Plaintiff and other similarly situated employees.

31. Defendant's violations of the FLSA and Florida law were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

32. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME COLLECTIVE ACTION – FLSA

33. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 32 as if fully restated herein.

34. During the three (3) year period prior to filing this action, Defendant failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

35. Defendant's failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

36. Defendant's violations of the FLSA were knowing, willful and in

reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of herself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

**COUNT II**
**FLORIDA MINIMUM WAGE**

37. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 32 as if fully restated herein.

38. Defendant failed to pay Plaintiff and other similarly situated employees the Florida Minimum Wage for all hours worked in violation of the FMW.

39. Defendant's violations of the FMW were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

40. Plaintiff and other similarly situated employees were damaged by Defendant's failure to pay them the Florida Minimum Wage.

41. Count II is brought under the FMW as a class action to recover unpaid minimum wages owed to Plaintiff and all others similarly situated who are or were employed by Defendant as medical transcription employees who were denied minimum wage.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief: (i) Certify this case as a class action on behalf of the Class as

9

defined above, and appoint MICHELLE SEIJAS f/k/a MICHELLE CRAM as class representative and undersigned counsel as lead counsel; (ii) enter judgment awarding damages in the amount of wages found to be due and owing; (iii) awarding liquidated damages in an additional amount equal to the unpaid minimum wages found to be due and owing; (iv) awarding reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08; and (v) awarding all such other relief as the Court deems just and appropriate.

## COUNT III
## WAGE THEFT CLASS ACTION/BREACH OF CONTRACT

42. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 32 as if fully restated herein.

43. Plaintiff and all other similarly situated employees have earned unpaid wages which are owed and payable by Defendant pursuant to Florida Statute Chapter 448 and/or an agreement between the parties.

44. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment to Plaintiff and all other similarly situated employees as required by Florida Statute Chapter 448 and/or an agreement between the parties, thereby engaging in unlawful Wage Theft.

45. As a result of Defendant's Wage Theft and failure to pay earned wages, Plaintiff has suffered damages, including wages, interest and attorneys' fees.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief: (i) Certify this case as a class action on behalf of the Class as defined above, and appoint MICHELLE SEIJAS f/k/a MICHELLE CRAM as class

representative and undersigned counsel as lead counsel; (ii) Declaratory judgment finding that Defendant have engaged in unlawful Wage Theft; (iii) Awarding damages in the amount of the unpaid wages owed, plus attorneys' fees and costs pursuant to Fla. Stat. § 448.08; (iv) Injunctive relief prohibiting Defendant from further engaging in Wage Theft; and (v) awarding all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 1st day of May, 2017.

> Respectfully submitted,
> **WHITTEL & MELTON, LLC**
> */s/ Jay P. Lechner*
> Jay P. Lechner, Esq.
> Florida Bar No.: 0504351
> Jason M. Melton, Esq.
> Florida Bar No.: 605034
> One Progress Plaza
> 200 Central Avenue, #400
> St. Petersburg, Florida 33701
> Telephone: (727) 822-1111
> Facsimile: (727) 898-2001
>   Pleadings@theFLlawfirm.com
>   lechnerj@theFLlawfirm.com
>   kmoran@theFLlawfirm.com
> *Attorneys for Plaintiff*